## J. DE PEYSTER OGDEN AND ALBERT W. WRIGHT v. DAVID COLDEN MURRAY, RECEIVER, &c.

*Trustees— Commissions—Foreign Corporations— Custody.*

Where persons are appointed trustees of a foreign company to receive the transfer of title in their names, merely to hold in trust for such company, without becoming custodians of the property, they are .not entitled to a commission for the mere use of their names.

CLERKE, J.—The Defendant is the receiver of the Accessory Transit Company, now insolvent.

It was a corporation created by the Republic of Nicaragua : it carried on business in the city of New York.

A purchase was made on its behalf, in December, 1852, of seven steamships, from Mr. Cornelius Vanderbilt, for the purpose of running them on their line between New York and San Francisco, via Nicaragua. Being a foreign corporation, the company could not then take the title, and have the ships registered in its own name ; and on the 30th of December, 1852, the Board of Directors, seven in number, passed a resolution that the Vice-President of the company and two of the Directors be appointed trustees to receive a transfer of the ships, and hold them subject to the control and disposition of the company.

These were the two Plaintiffs, Mr. Ogden, the Vice-President, and Mr. Wright, and the third was Mr. Snow, since deceased. Mr. Ogden received, as Vice-President, a salary of four thousand dollars a year.

They were all present at the meeting, and voted for the resolution. They received bills of sale of the ships in their names, and signed an instrument declaring that they had received the bills of sale, and held the ships for the company.

On the 27th July, 1854, the company indemnified each of the trustees, by a bond, in a penalty of $100,000, against any claims and demands on account of the ships. Soon after, an act of Con-

gress was passed, authorizing the company to hold steamships in its own name; and thereupon Messrs. Ogden, Wright, and Snow transferred the title in them to the company, by bills of sale.

After this transfer they addressed a letter to the President and Directors, claiming compensation as trustees, which the company refused to pay.

In 1858 the company became insolvent, and soon afterwards the Defendant was appointed receiver.

After the transfer to the trustees, they had no more to do with the control and management of the ships than any other members of the Board; and the ships were actually run, under the supervision of the whole Board, by Mr. Vanderbilt, as the agent of the company.

The Plaintiffs now claim, by way of compensation, the same commissions as are allowed to executors and administrators. They claim $3,950, being the amount of commission upon the sum of $1,350,000—the amount paid by the company to Vanderbilt as the purchase-money. They also claim interest on this sum of $3,950 from the 27th of January, 1854—making in the whole, $7,900.

It does not appear that the purchase-money, or any portion of it, passed through the hands of the trustees, or that they performed any services, or incurred any risks or responsibilities, beyond taking the bills of sale in their names, and holding them, and executing bills of sale to the company. So that no active duties devolved upon them; and for any responsibilities which they incurred, they were fully indemnified by having the legal title to the ships, and by the bond of indemnity which they subsequently received.

They did not, like executors, administrators, guardians, and other trustees, become the custodians of the funds of the company, receiving its earnings, or paying them out.

They demand this sum of $3,950 merely for allowing their names to be inserted in the bills of sale.

In my opinion, they are not entitled to compensation on any equitable grounds.

Opinion by CLERKE, J.

In all probability, at the time of the passage of the resolution appointing them trustees, neither they, nor any other member of the Board, had any idea that compensation would be required, or was necessary. Not a word was said on the subject at the time the resolution was passed, nor was any intimation given by them of a claim for services at any time, until they presented their demand—more than two years and six months afterwards, when they had transferred the ships to the company.

The judgment should be affirmed, with costs.

All affirm, except HUNT, Ch.J.

JOEL TIFFANY,
State Reporter.